MEMORANDUM *
A jury convicted Correctional Officer Robert McGowan of assaulting two inmates under color of law, in violation of the inmates’ Eighth Amendment rights. The district court granted a Fed.R.Crim.P. 29 motion for acquittal, and the government appeals. We reverse and remand for sentencing on counts 2 and 3 of the First Superseding Indictment.
In granting the motion to acquit, the district judge noted no problems with the identity of the attackers or with the evidence. Instead, the judge said “it was at best an assault and battery, which should have been prosecuted by the state court.” But the choice of whether and how to charge a crime belongs to the executive, not the judiciary. See Wayte v. United States, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985).
Viewing the evidence in the light most favorable to the prosecution, Robert McGowan used force against two inmates for the sole purpose of causing them harm. “When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated.” Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).
The district judge may have difficulty putting his previously expressed views aside, and remanding to a different district judge for sentencing would entail little duplication of labor. See, e.g., United States v. Murillo, 548 F.3d 1256, 1257 (9th Cir. 2008) (citing Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1165-66 (9th Cir.2007)).
Reversed. Remanded for assignment to a different district judge for sentencing and any other proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.